UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAY SMITH FORD, a/k/a
BROTHER RAY,

      Plaintiff,

v.                                                                       Civil Case No. 20-11736
                                                                         Honorable Linda V. Parker

NBC UNIVERSAL,
FOX CORPORATION,
CBS CORPORATION,
PUBLIC BROADCASTING SERVICE,

      Defendants.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(b) (ECF NO. 5)

On June 30, 2020, Plaintiff initiated this *pro se* lawsuit against Defendants NBC Universal, Fox Corporation, CBS Corporation, and the Public Broadcasting Service ("PBS"). In his Complaint, Plaintiff alleged that Defendants' use of "Black," "Black People," and/or "Black Americans" to describe Americans during news broadcasts constitutes a public nuisance (Count I) and defamation (Count II). (ECF No. 1.) In his Complaint, Plaintiff also stated that this conduct violated his civil rights. (*Id.* at Pg. ID 6.) On July 21, the Court summarily dismissed Plaintiff's Complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2). (ECF No. 4.)

1

Presently before the Court is Plaintiff's Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b). (ECF No. 5.) Rule 60(b) provides the following grounds for relief from a final judgment, order, or proceeding:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Plaintiff references subsection (6) when arguing that the Court's summary dismissal of the Complaint "protect[ed] [D]efendants from responding," thereby violating his due process rights and "right to a fair and legal process to a jury." (ECF No. 5 at Pg. ID 46-47.)

Rule 60(b)(6) is applicable, however, "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *McDowell v. Dynamics Corp.*, 931 F.2d 380, 383 (6th Cir. 1991). Moreover, pursuant to 28 U.S.C. § 1915, the Court is required to summarily dismiss any *in forma pauperis* action where the Court finds that the plaintiff fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).

In this case, the Court found that Plaintiff failed to state a viable claim. (ECF No. 4 at Pg. ID 44.) The Court is satisfied that it did not make a mistake of law or fact, and that Plaintiff has presented no reason justifying the relief he seeks. *See* Fed. R. Civ. P. 60(b)(1), (6).

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b) (ECF No. 5) is **DENIED**.

**IT IS SO ORDERED**.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: October 27, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, October 27, 2020, by electronic and/or U.S. First Class mail.

s/ R. Loury  
Case Manager